Eric W. Marshall Kiowa County Attorney 211 E. Florida Avenue Greensburg, Kansas 67054
Dear Mr. Marshall:
As Kiowa county attorney, you request our opinion regarding the effect on the election of members of the Kiowa county memorial hospital of the failure of the board of county commissioners to adopt by resolution the procedure for election of the members of the hospital board.
The Kiowa county memorial hospital was established as a county hospital on November 5, 1951. The county hospital was originally governed by a five-member board the members of which were appointed by the board of county commissioners. Upon receipt of a petition requesting that the method of selection of the board members be changed, and approval of the question by a majority of the electorate voting thereon, the manner of selection was changed to election. You indicate in your request that the procedure for election of the hospital board members was not established by county resolution. Despite the lack of a procedure set forth by county resolution, positions 1 and 2 were noticed on April 17, 1996, as being subject to election during the primary election conducted August 6, 1996.
 "Six (6) persons filed for the two positions by the deadline of June 10, 1996. Since the positions were indistinguishable, all the candidates filed for either position without naming a particular position. It was understood that the top two candidates at the election would fill the positions with the top candidate filling position one (1) and the candidate with the second highest number of votes would fill position number (2). The six candidates were placed on the August 6, 1996, Primary Ballot with the understanding that the top four (4) would be placed on the General Election Ballot." Eric W. Marshall, Correspondence, August 14, 1996.
The establishment and operation of a county hospital board are subject to K.S.A. 19-4601 et seq.
 "(c) Upon establishment of a county hospital under this act, the commission, by resolution, shall provide for the establishment of a board and shall provide either that the members be appointed by the commission or that the members be elected by the qualified electors of the county on a nonpartisan basis. If the commission determines that the board is to be elected, the procedure for holding such election shall be determined by the commission, by resolution. The laws applicable to the procedure, manner and method provided for the election of county officers shall apply to the election of members of the board. The commission shall fix the number of board members and the terms of office for such members. The board shall be composed of five, seven or nine members and terms of office thereof shall be for not less than two years and not more than four years. Members of the board shall be residents of the county in which the hospital is located.
 "(d) The commission, upon being presented with a petition signed by not less than 5% of the qualified electors of the county requesting the manner of selection of the board be changed, shall adopt a resolution providing for the change. The question of changing the method of selection shall be submitted to a vote of the qualified electors of the county at a regular county primary or county general election or, if no regular county election is to be held within six months from the date of adoption of the resolution, at a special election called for the purpose of submitting such question. The resolution shall not be effective until a majority of the qualified electors voting on the question at such election vote in favor of the question. Such question shall not be submitted to the electors of the county at any election more than once in any one year." K.S.A. 19-4605 (emphasis added).
County officers are elected on a partisan basis. See K.S.A. 1995 Supp.25-213. Because members of the hospital board are to be elected on a nonpartisan basis, there are situations in which the procedure, manner, and method applicable to the election of county officers may not fully prescribe the procedure, manner, and method necessary for electing members of the hospital board. See Attorney General Opinion No. 93-150. To address those situations, the board of county commissioners has been granted the authority to establish by resolution the procedure for electing members of the hospital board. According to the information provided, the Kiowa county commission has not adopted a resolution establishing the procedure for electing members of the hospital board.
Where a statute authorizes the holding of an election only on the taking of a prescribed step, this prescribed step constitutes the foundation for holding the election and an omission to take it renders the election a nullity. State, ex rel., v. Kerns, 210 Kan. 579, 585
(1972). The court has determined that such prescribed steps include: submission of a valid petition to the proper entity, Greeley County v.Davis, 99 Kan. 1, 4 (1916); call for the election by the designated entity, Stewart v. Gish, 109 Kan. 206, 208-09 (1921); and determination of the proper findings by the authorized entity, Kerns, 210 Kan. at 584-85. In our opinion, determination of the procedure for election of members of the hospital board, achieved through the adoption of a resolution by the board of county commissioners, is likewise a prescribed step to be completed before a valid election of members of the hospital board may be conducted. Without the adoption of such a resolution, there is no sufficient procedure for electing members of the hospital board. Given that the board of county commissioners for Kiowa county has not adopted such a resolution, the election of members of the Kiowa county memorial hospital board conducted August 6, 1996, is a nullity.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm